# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DARRELL WHITEHORN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:21 CV 1021 MTS |
| ) | |
| ERDCC MEDICAL STAFF, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon inmate Darrell Whitehorn's application to proceed in district court without prepaying fees or costs pursuant to 28 U.S.C. § 1915. Also before the Court is plaintiff's motion for appointment of counsel. For the following reasons, the Court will deny plaintiff's motions and direct him to pay the $402 civil filing fee.

**I. Motion to Proceed *In Forma Pauperis***

"According to 28 U.S.C. § 1915, this Court may authorize commencement of a suit without prepayment of fees by a person who, in good faith, files an affidavit stating that he or she is unable to pay the costs of the lawsuit." *Andrews v. Nicholson*, 2005 WL 2403449, at *1 (W.D. Mo. Sept. 28, 2005) (citing *Neitzke v. Williams*, 490 U.S. 319 (1989)). The Court follows a two-step process in considering whether the applicant should be permitted to proceed *in forma pauperis*. *Id.* First, the Court must determine whether the applicant qualifies by economic status; second, the court must determine whether under § 1915(e) the action or appeal is frivolous or malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. *Id.*

"The opportunity to proceed *in forma pauperis* is a privilege rather than a right, and should not be used to abuse the Court's process." *Broulette v. Spencer*, 2005 WL 1009577, *1 (W.D. Mo. Apr. 20, 2005) (citing *Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987)). "In considering a request to proceed *in forma pauperis*, the court will compare an applicant's monthly income and cash on hand to her monthly expenses and financial obligations." *Bey v. Kelly*, 2021 WL 4713416, at *1 (D. Kan. Sept. 8, 2021). Determining whether an applicant is sufficiently impoverished to qualify under § 1915 rests within the sound discretion of the trial court. *Cross v. General Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983), *cert. denied*, 466 U.S. 980 (1984). Such showing of poverty is sufficient if the applicant would become completely destitute or be forced to give up the basic necessities of life if required to pay the costs of the lawsuit. *Adkins v. E.I. Du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948).

On August 4, 2021, simultaneously with filing his complaint in the United States District Court for the Western District of Missouri, plaintiff submitted a document titled, "Motion to Proceed In Forma Pauperis and Affidavit in Support Habeas Cases." The Western District transferred this action to the undersigned on or about August 9, 2021, pursuant to 28 U.S.C. § 1404(a). In the Order of Transfer, Judge Gary A. Fenner provisionally granted plaintiff *in forma pauperis* status, subject to this Court's review.

On August 17, 2021, this Court ordered plaintiff to submit a prison account statement for the six months preceding the filing of his action in the District Court. Plaintiff has failed to do so. And a review of his "Motion to Proceed In Forma Pauperis and Affidavit in Support Habeas Cases" reveals the following.

In his Affidavit, plaintiff answered that he had received "200,00" from a friend in the prior 12 months. He also indicated that he had "190,00" in "checking, savings and prisoner account; however, someone had written on his Affidavit indicating that his prison account had "$2,121.13."

It is not clear from the information provided whether plaintiff would be able to meet the economic requirements for *in forma pauperis* status, *i.e.*, whether he would become destitute or forced to give up the basic necessities of life if required to pay the costs of his lawsuit. *See e.g.*, *Andrews*, 2005 WL 2403449, at *1 (denying *in forma pauperis* status to plaintiff who reported a net income of $1,934.00 per month and $200 of available cash funds). Therefore, the Court will deny plaintiff's motion to proceed *in forma pauperis at this time*. If plaintiff wishes to proceed with his complaint, he shall pay the full $402 filing fee within twenty-one days from the date of this Memorandum and Order. Conversely, plaintiff may also submit a motion to proceed in forma pauperis, along with a copy of his prison account statement.

**II. Motion for Appointment of Counsel**

There is no right to counsel in a civil case. *Wiggins v. Sargent*, 753 F.2d 663, 668 (8th Cir. 1985) ("There is no constitutional or statutory right for an indigent to have appointed counsel in a civil case.") (citation omitted). When determining whether to appoint counsel for an indigent civil litigant, the district court considers relevant factors such as the complexity of the case, the ability of the indigent litigant to investigate the facts, the existence of conflicting testimony, and the ability of the indigent to present his claim. *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998).

The Court first notes that based upon plaintiff's financial affidavit, Doc. [2], he does not appear to be indigent. Second, after reviewing plaintiff's complaint, the Court does not find that the facts presented are overly complex. Third, plaintiff has not demonstrated he is unable to either

3

investigate the facts or to present his case without the aid of counsel. Lastly, at this early stage in the litigation, the Court is unable to determine whether this case will present conflicting testimony. For these reasons, plaintiff's motion for appointment of counsel will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis*, Doc. [2], is **DENIED**.

**IT IS FURTHER ORDERED** that if plaintiff wishes to proceed with the instant action, he must pay this Court's $402 civil filing fee **within twenty-one (21) days from the date of this Memorandum and Order**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel, Doc. [8], is **DENIED**.

**IT IS FINALLY ORDERED** that if plaintiff fails to comply with this Order and pay the Court's $402 civil filing fee, plaintiff's action shall be dismissed without prejudice.

Dated this 15th day of February, 2022.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE