**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DARRELL WHITEHORN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:21 CV 1021 MTS |
| | ) | |
| ERDCC MEDICAL STAFF, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Self-represented plaintiff Darrell Whitehorn brings this action under 42 U.S.C. § 1983 for alleged violations of his civil rights. The matter is now before the Court upon the motions of plaintiff for leave to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs. Having reviewed the motions and the financial information submitted in support, the Court will grant the motions and assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the pleading under 28 U.S.C. § 1915(e)(2), the Court will dismiss this action.

**Initial Partial Filing Fee**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.  28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has not submitted a prison account statement. As a result, the Court will require plaintiff to pay an initial partial filing fee of $1.00.  *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory

statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## The Complaint

Plaintiff, an inmate currently incarcerated at Northeast Correctional Center (NECC), brings this action under 42 U.S.C. § 1983, alleging violations of his civil rights that purportedly occurred when he was incarcerated at Eastern Diagnostic Reception and Correctional Center (ERDCC). Plaintiff brings this action against ERDCC Medical Staff and Nurse Unknown Crawford.

Plaintiff claims that he has survived seven strokes and has complaints about several parts of his body that need treatment. He claims that none of the nurses at ERDCC are licensed nurses. However, he does not indicate why he believes this. He claims he is "not completely seen" by these nurses because he is an ECU patient. Plaintiff does not explain what an ECU patient is except to say the ECU Program is for inmates who have had strokes or is for those inmates who have dementia or are about to die.

Plaintiff states that Ms. Crawford is allowed to treat although she is a Correctional Officer. Although he calls her a Correctional Officer in his complaint, he refers to Ms. Crawford as a Nurse in the Caption of his complaint.

Plaintiff complains that he has had "problems with his back, legs and arm for over 6 months." He alleges that he has put in seven medical requests. Plaintiff does not indicate what has been done because of his medical service requests. Rather, he states that the medical requests mean "to wait on but never seen." Plaintiff does not state why he believes this or who has allegedly

denied him service. He merely purports that the nurses' outside relationships come before any inmates' needs. In essence, plaintiff is asserting that the ERDCC Medical Staff are lazy and slow.

Plaintiff seeks damages in this action.

Discussion

After careful review and liberal construction of the pleadings, the Court finds that plaintiff's complaint fails to state a claim for relief against defendants as stated.

## I.     Official Capacity Claims Against Defendants

Plaintiff brings official capacity claims against the named defendants in this action.[1] Based on the foregoing, plaintiff's official capacity claims are subject to dismissal.

In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017) (internal citation omitted).  Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.,* 172 F.3d 531, 535 (8th Cir. 1999). Here, defendants are all employees of Corizon Medical, LLC, the organization that provides medical assistance to the Department of Corrections in Missouri.

Plaintiff, however, has not alleged a specific policy by Corizon Medical that caused his purported injuries. In *Sanders v. Sears Roebuck and Company*, 984 F.2d 972 (8th Cir.1993), the court held that a corporation acting under color of state law will be held liable under section 1983 only for its own unconstitutional policies or actions. "The proper test is whether there is a policy, custom or action by those who represent official policy that inflicts injury actionable under § 1983." *Id.*, 984 F.2d at 976. Thus, to state a viable claim against Corizon for an injury caused by

---

[1]As noted above, plaintiff brings this action against defendants ERDCC Medical Staff and Nurse Unknown Crawford. Plaintiff has failed to allege the capacities under which he is suing defendants. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989).

an unconstitutional policy, plaintiff must allege facts indicating a Corizon doctor or nurse acted pursuant to an official Corizon policy, and the official policy is responsible for plaintiff being denied constitutionally adequate medical care. In this case, plaintiff has not done so.

Plaintiff does not identify a clear policy, custom, or practice that caused his injuries. He states only that the ERDCC Medical Staff are lazy and slow. He does not explain why he believes them to be lazy or slow, nor does he give specific events identifying specific defendants in this action denying plaintiff medical treatment pursuant to a specific policy or custom that caused plaintiff an injury.

 Vague and conclusory allegations that his injuries were caused by some unidentified, unconstitutional policies are insufficient to state actionable *Monell* claims.[2] *See Iqbal*, 556 U.S. at 678 ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"); *Ulrich v. Pope County*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of a *Monell* claim where the plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of the plaintiff's rights); *see also Spiller v. City of Texas City, Police Dept.*, 130 F.3d 162, 167 (5th Cir. 1997) (to plead an actionable *Monell* claim "[t]he description of a policy or custom and its relationship to the underlying constitutional violation...cannot be conclusory; it must contain specific facts.").

## II.    Individual Capacity Eighth Amendment Deliberate Indifference Claims

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell,* 436 U.S. at 685. One such federally protected right is the Eighth Amendment's prohibition on cruel and unusual punishment, which protects prisoners from deliberate indifference to serious medical needs.

---

[2]*Monell v. Dep't of Social Services,* 436 U.S. 658, 685 (1978).

*Luckert v. Dodge Cnty.*, 684 F.3d 808, 817 (8th Cir. 2012). To survive initial review, a plaintiff must plead facts sufficient to state a plausible claim for deliberate indifference to serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Camberos v. Branstad*, 73 F.3d 174, 175 (8th Cir. 1995).  Allegations of mere negligence in giving or failing to supply medical treatment will not suffice. *Estelle*, 429 U.S. at 106.  Nor will a prisoner's "mere disagreement with treatment decisions" support a claim of deliberate indifference to a prisoner's serious medical needs. *Jones v. Minnesota Dep't of Corr.*, 512 F.3d 478, 482 (8th Cir. 2008).

Instead, a prisoner must allege that he suffered objectively serious medical needs and that defendants actually knew of, but deliberately disregarded those needs. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). A "serious medical need" is "one that has been diagnosed by a physician requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Holden v. Hirner*, 663 F.3d 336, 342 (8th Cir. 2011).  A prisoner may show deliberate indifference through an intentional delay in or denial of access to medical care. *Estelle,* 429 U.S. at 104-05.

**A.  Defendant Nurse Unknown Crawford**

As noted above, plaintiff has not alleged that defendants, in their individual capacities, violated his constitutional rights. Nevertheless, the Court will review plaintiff's claims as if he had brought those claims against defendants in their individual capacities.

To be cognizable under § 1983, a claim must allege that the defendant was personally involved in or directly responsible for the incidents that deprived the plaintiff of his constitutional rights. *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985). "Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990).

Nurse Unknown Crawford was not personally involved in the actions complained of in plaintiff's complaint. The only time plaintiff names Nurse Crawford in the complaint is to allege that Nurse Crawford is a Correctional Officer rather than an actual Nurse. However, as noted above, plaintiff has identified Nurse Crawford as a Nurse in the Caption of his complaint. Even if Nurse Crawford is in fact a Correctional Officer, that would mean she would be an employee of the Missouri Department of Corrections.

In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017) (internal citation omitted). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.,* 172 F.3d 531, 535 (8th Cir. 1999). Here, except for defendant Corizon Medical, defendants are all employees of the State of Missouri.

Naming a state official in his or her official capacity is the equivalent of naming the government entity that employs the official – the State itself. *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989). "Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon,* 548 F.3d 613, 618 (8th Cir. 2008). However, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will,* 491 U.S. at 71.

In addition, in the absence of a waiver, the Eleventh Amendment bars a § 1983 suit against a state official acting in his or her official capacity. *Morstad v. Dep't of Corr. & Rehab.,* 147 F.3d 741, 744 (8th Cir. 1998); *see also Andrus ex rel. Andrus v. Ark.,* 197 F.3d 953, 955 (8th Cir. 1999) ("A claim for damages against a state employee in his official capacity is barred under the Eleventh Amendment."). "Sovereign immunity is the privilege of the sovereign not to be sued without its consent." *Va. Office for Prot. & Advocacy v. Stewart,* 563 U.S. 247, 253 (2011). The Eleventh

Amendment has been held to confer immunity on an un-consenting state from lawsuits brought in federal court by a state's own citizens or the citizens of another state. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974); *see also Webb v. City of Maplewood,* 889 F.3d 483, 485 (8th Cir. 2018) ("The Eleventh Amendment protects States and their arms and instrumentalities from suit in federal court."); *Dover Elevator Co. v. Ark. State Univ.,* 64 F.3d 442, 446 (8th Cir. 1995) ("The Eleventh Amendment bars private parties from suing a state in federal court."); *Egerdahl,* 72 F.3d at 618-19 ("Generally, in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." (internal quotation and citation omitted)). As such, the allegations of the complaint fail to state a claim against Nurse Unknown Crawford.

### B.  Defendant ERDCC Medical Staff (Corizon)

Plaintiff asserts an individual capacity claim against defendant ERDCC Medical Staff (Corizon). "A corporation acting under color of state law … will not be liable on a respondeat superior theory." *Smith v. Insley's Inc.*, 499 F.3d 875, 880 (8th Cir. 2007) (citing *Sanders,* 984 F.2d at 975-76).  Rather, as noted above, to support a claim against a corporation like Corizon, the plaintiff "must show that there was a policy, custom, or official action that inflicted an actionable injury."  *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006); *Sanders*, 984 F.2d at 975-76 (stating that a corporation acting under color of state law will only be held liable where "there is a policy, custom or action by those who represent official policy that inflicts an injury actionable under § 1983"). As the Court has already found that plaintiff failed to allege a policy or custom of Corizon resulted in a denial of treatment, in violation of the Eighth Amendment, he has failed to state a claim for relief.

Even if plaintiff had properly named an employee of Corizon and sued that individual in their individual capacity, he would not have stated a claim for relief under the Eighth Amendment.

Plaintiff has not alleged that Corizon's actions, taken as a whole, were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *Jackson v. Buckman*, 756 F.3d 1060, 1066 (8th Cir. 2014). Moreover, plaintiff has not alleged that he was denied treatment when he asked for it. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Although he has alleged a delay in treatment, he has not alleged how long his treatment was delayed or by whom or how the delay allegedly affected him. *See Jackson v. Riebold*, 815 F.3d 1114, 1119 (8th Cir. 2016) (when a delay in treatment is alleged to have violated an inmate's constitutional rights, a court measures the objective severity of the deprivation "by reference to the *effect* of the delay in treatment") His assertions are simply insufficient to state a claim for relief under the Eighth Amendment. *See, e.g., Givens v. Jones*, 900 F.2d 1229, 1233 (8th Cir. 1990) (finding that a prisoner's claim for delay of one month between complaint of leg pain and visit with doctor was insufficient to state a constitutional claim absent allegations the condition required immediate attention or the delay in treatment aggravated the condition).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motions for leave to proceed *in forma pauperis* Docs. [2 and 11] are **GRANTED.** *See* 28 U.S.C. § 1915.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.00 within **twenty-one (21) days** of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding. *See* 28 U.S.C. § 1915(b)(1).

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that an appeal of this Memorandum and Order shall not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this <u>15th</u> day of March, 2022.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE